**UNITED STATES of America,
Appellee,**

v.

**Walter BULLOCK, Appellant.**

**No. 12213.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1968.

Decided Oct. 18, 1968.

Leo G. Fitchett, Newport News, Va., (Court-appointed counsel) [Palmer &

Cogdill, Newport News, Va., on the brief], for appellant.

Alfred D. Swersky, Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

Walter Bullock was convicted under the Assimilative Crimes Act, Title 18 U.S.C. § 13, of a violation of the Code of Virginia 18.1–96, that is, attempting to employ as true an American Express Money Order in the amount of $92.50 knowing it to be forged.

The only point raised on appeal was as to the sufficiency of the evidence to sustain the conviction. There was direct testimony that this money order was forged and was presented to the manager of the Greyhound Bus Station, on government property at Fort Eustis, Virginia, in payment for a requested bus ticket; that the defendant signed the money order in the presence of the manager; that when asked for identification Bullock tendered a Virginia motor vehicle driver's license issued to one Sherman McDonald and it was shown by McDonald's testimony that the driver's license had been theretofore lost; that on the day immediately prior to the day in question an identical money order had been presented which had been returned to the bus company marked "Stolen"; that the Military Police had been secretly called when the money order was presented and that Bullock, having been asked to stand aside from the ticket window, obviously became suspicious and undertook to hurriedly leave the premises without receiving his bus ticket, the driver's license, or the money order. He was then and there taken into custody by the Military Police. This evidence alone was sufficient to sustain the conviction.

Bullock chose to testify in his own behalf and he explained that he had won the money order while participating in a game of chance and that the loser, Mc-Donald, had supplied him with the driver's license for identification purposes. McDonald denied that he was the owner of the money order, denied knowing Bullock, denied that he participated with Bullock in a game of chance or that he had supplied Bullock with his driver's license. Obviously the jury disbelieved the defendant.

Counsel for the Government moved at the bar of the court for affirmance of the judgment below. Perceiving no error, the motion is granted.

Affirmed.